UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JAMES HODGES,

Plaintiff,                                                    CASE NO.:


vs.


MARK A. HUNTER, in his official capacity
as Sheriff of COLUMBIA COUNTY
SHERIFF'S          OFFICE,          RANDALL
HARRISON and JAYME GOHDE,

            Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JAMES HODGES, ("HODGES"), by and through the undersigned attorneys, and hereby files this Complaint against Defendants RANDALL HARRISON ("HARRISON") and JAYME GOHDE ("GOHDE"), in their individual capacities and for acts that occurred during the course and scope of their employment with Columbia County Sheriff's Office ("CCSO"). MARK A. HUNTER ("HUNTER") is sued in his official and capacity as Sheriff of the COLUMBIA COUNTY SHERIFF'S OFFICE ("HUNTER") and individually. In support thereof, Plaintiff alleges as follows:

1

## INTRODUCTION

This is a civil rights action brought under 42 U.S.C. §1983 that raises supplemental state law claims concerning the actions of Defendants, HARRISON and GOHDE on or about October 31, 2022, in unlawfully searching, arresting and discriminating against Plaintiff. The actions and conduct of the Defendants, HARRISON and GOHDE are a result of a policy, practice, custom and deliberate indifference on behalf of Defendant HUNTER. HUNTER is sued in his official capacity as the Sheriff of Columbia County, Florida and individually.

## JURISDICTION AND PARTIES

1.    The Court has jurisdiction over Plaintiff's federal law claims, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). Plaintiff's state law claims are related to these federal claims and form a part of the same case or controversy. The Court accordingly has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367 and Local Rule 1.02(b)(4).

2.    Venue is proper in the Middle District Court of Florida, pursuant to 28 U.S.C. § 1391(b), as all Defendants work and/or reside in this District, and all of the acts and omissions giving rise to this action occurred in Lake City, Columbia County, Florida.

3.    All conditions precedent to the maintenance of this action, including those set forth in Florida Statute §768.28, have been performed, have

2

occurred prior to its institution or have been waived. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claim under 42 U.S.C. §1983.

4.    Plaintiff, HODGES, is an adult resident of Lake City, Columbia County, Florida. All material incidents occurred in Columbia County, Florida.

5.    Defendant, HUNTER, was at all times relevant, the elected Sheriff  of Columbia County, Florida, acting under color of law and under color of the Statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Columbia County Sheriff's Department or by virtue of his office and is sued in his official and individual capacity.

6.    Defendant HARRISON was at all times relevant, a duly appointed and acting Deputy of CCSO, acting under color of law, under the color of Statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the CCSO, or by virtue of his office and is sued in his individual and official capacity.

7.    Defendant, GOHDE was at all times material, a duly appointed and acting Deputy of CCSO, acting under color of law, under the color of Statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the CCSO, or by virtue of his office and is sued in her individual capacity.

3

GOHDE was acting under the direction, supervision and with the assistance of Defendant HARRISON.

## **FACTUAL ALLEGATIONS**

8.     On or about October 31, 2022, Plaintiff HODGES was walking home from the Columbia County Courthouse where he was reporting for jury duty in Lake City, Columbia County, Florida.

9.     Plaintiff, HODGES is a visually impaired navy veteran who uses a navigational aide as needed.

10.     On or about October 31, 2022, Defendant GOHDE was on patrol for the CCSO when she stopped HODGES and asked what he had in his back pocket.

11.      Hodges immediately informed her that it was his navigational aide and asked GOHDE "what's the problem are you a tyrant?"

12.      GOHDE responded "yeah, I am actually what is your name and date of birth?"

13.     HODGES asked GOHDE was the reasonable suspicion was for the need to stop him. GOHDE indicated that it looked like he was carrying a firearm in his back pocket.

14.    HODGES asked if GOHDE had ensured he was not carrying a firearm.

15.    Despite HODGES informing GOHDE it was his navigational aide and GODHE standing within inches of HODGES to recognize it was a navigational aide, she told HODGES that she was not sure HODGES was not carrying a firearm.

16.    The object in HODGES back pocket was clearly visible and at first glance is immediately recognizable as a navigational aide.  This device in no way resembles a pistol.

17.    HODGES then removed his navigational aide from his pocket and showed it to GOHDE.

18.    This should have ended the investigatory stop. Instead, GOHDE illegally detained HODGES. HODGES asked Defendant GODHE, "Am I detained?"  Defendant GODHE replied, "Yeah you are."

19.     GOHDE proceeded to demand HODGES for his identification. HODGES asked for a supervisor.

20.    HARRISON was the supervisor on duty and was on scene.

21.    HODGES showed the navigational aide to HARRISON, thus

demonstrating for a **second time** that he was not armed.

22.     HODGES told HARRISON that since he had now verified that he was not in possession, nor improperly carrying a firearm, he should be free to leave.

23.     However, absent reasonable suspicion or probable cause, HARRISON and GOHDE continued the detention of HODGES and placed him in handcuffs, in part because of what they perceived to be a disrespectful attitude.

24.     HARRISON and GOHDE then conducted an illegal search of HODGES, who did not consent to the search.

25.     After searching his person without probable cause, GOHDE continued to taunt HODGES by asking, "was that so hard?"

26.     HODGES requested GOHDE and HARRISON's names and badge numbers. HARRISON, in response stated to GOHDE "You know what? Put him in jail for resisting."

27.     GOHDE effectuated the arrest, placing HODGES in her patrol car and transporting him to the Columbia County Jail where he was booked and charged with resisting without violence.

28.     The events described herein were captured on GOHDE's body-worn camera.

29.     HODGES remained in the Columbia County Jail for over twenty-four hours before he posted bail.

30.    GOHDE and HARRISON arbitrarily punished HODGES by arresting him and charging him with resisting without violence merely because he exercised his right to speak freely in requesting their names and badges numbers.

31.    The arrest report was prepared by Defendant GOHDE and states:

"James was found to be in violation of FL Statute 843.02, by obstructing the ongoing investigation when he repeatedly refused to allow identification of the object in his pocket as well as refusing to identify himself."

32.    Defendant GOHDE's reporting here is inconsistent with the body camera footage. What can be viewed on video is a handcuffed HODGES standing still, asking for the officer's names and badge numbers and Defendant HARRISON ordering, "You know what? Put him in jail for resisting."

33.    GOHDE fabricated additional statements in her arrest report which starkly contrast with the body camera footage, such as:

a. HODGES, "[r]epeatedly refused to allow identification of the object in his pocket;"

b. HODGES, "would not provide a clear view of the object; and

c. She was only able to identify the object in his HODGES back pocket after she placed him in handcuffs.

7

34.    GOHDE and HARRISON knew HODGES had not committed a crime and that HODGES was in no way resisting arrest; both of which are confirmed via the body camera footage. Nevertheless, GOHDE and HARRISON arrested HODGES for what can only be described as a malicious, ill-willed desire to punish him.

35.     In an attempt to justify the unlawful arrest, GOHDE and HARRISON fabricated the charge of resisting arrest without violence.

36.    From the onset, GOHDE and HARRISON were made aware of HODGES' disability. During the encounter, HARRISON questioned Hodges about his disability and how / why he required a navigational aid.

37.    The ADA requires public entities to make reasonable modifications to rules, policies and practices to ensure that individuals with disabilities are not discriminated against.

38.    Specifically, HARRISON asked HODGES if he was legally blind and then proceeded to further question him as to why he was not using the device when he was stopped by GOHDE.  The ADA prohibits inquiries regarding the nature or severity of one's disability.

39.    As a result of Defendant HARRISON and Defendant GOHDE's conduct during the subject encounter with HODGES, the incident was referred to

internal affairs.

40.     HUNTER, acknowledging the constitutional violations committed by GOHDE and HARRISON, released the following statement:



41.     Defendant HARRISON was found to have unlawfully detained, searched and arrested Plaintiff HODGES. He was found to have violated CCSO General Order 1.6 Code of Conduct. As a consequence, HARRISON was administratively disciplined.  He was demoted from Sergeant to Corporal and was suspended for seven (7) days without pay.

42.     Defendant GOHDE was also found to have unlawfully detained, searched and arrested Plaintiff HODGES.  She was found to have violated CCSO General Order 1.6 Code of Conduct. As a result, GOHDE was placed on administrative leave with pay and suspended for two (2) days without pay.

43.     Both Defendant HARRISON and Defendant GOHDE were ordered to attend in-class training specifically tailored to the handling of civil rights matters.

## COUNT I: 42 U.S.C. § 1983
## FIRST AMENDMENT RETALIATION DEFENDANT HARRISON

44.     Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

45.     The First Amendment protects the right of the people to speak freely. During the encounter with law enforcement, HODGES exercised his right to speak freely when he requested the officers' names and badge numbers.

46.     Defendant, HARRISON, retaliated against HODGES by unlawfully detaining, searching and arresting him, without probable cause, while he was exercising his right to speak freely.

47.     The actions of Defendant HARRISON prevented HODGES from continuing to engage in this protected activity.

48.     Plaintiff, HODGE's unlawful detainment, search and arrest were directly caused by HARRISON.

49.     Additionally, it was HODGE's words that were the substantial and motivating factor that led to HARRISON's retaliation against HODGES and his ordering of the unlawful detainment, search and subsequent arrest.

50.     As a direct and proximate result of retaliation by Defendant HARRISON, Plaintiff suffered a deprivation of his federally protected rights, liberty and freedom.

51.     WHEREFORE, Plaintiff demands judgment against Defendant

10

HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

<u>**COUNT II: 42 U.S.C. § 1983**</u>
**FIRST AMENDMENT RETALIATION DEFENDANT GOHDE**

52.     Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

53.     The First Amendment protects the right of the people to speak freely. During the encounter with law enforcement, HODGES was exercising his right to speak freely when he requested the officers' names and badge numbers.

54.     Defendant, GOHDE, retaliated against HODGES by unlawfully detaining, searching and arresting him, without probable cause, while he was exercising his right to speak freely.

55.     The actions of Defendant GOHDE prevented HODGES from continuing to engage in this protected activity.

56.     Plaintiff, HODGES's unlawful detainment, search and arrest were directly caused by GOHDE.

57.     Additionally, it was HODGE's words that were the substantial and motivating factor that led to GOHDE's retaliation against HODGES and the ordering of the unlawful detainment, search and subsequent arrest.

58.     As a direct and proximate result of retaliation by Defendant

GOHDE, Plaintiff suffered a deprivation of his federally protected rights, liberty and freedom.

59.    WHEREFORE, Plaintiff demands judgment against Defendant GOHDE and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

**COUNT III: 42 U.S.C. § 1983**
**UNLAWFUL SEARCH DEFENDANT HARRISON**

60.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

61.    Under the Fourth Amendment to the United States Constitution, HODGES has the right to not be subjected to an unreasonable search of his person.

62.    HARRISON unreasonably searched HODGES.

63.    HARRISON did not have a warrant to search HODGES person

64.    At the time of the search, there was no exigency to excuse the warrantless search.

65.    HODGES did not consent to HARRISON's search of his person.

66.    HARRISON intentionally committed acts that violated HODGES' constitutional right to not be subjected to unreasonable search of HODGES' person.

67.    Following HODGES' unconstitutional arrest and search of his person

and vehicle, corrections deputies subjected HODGES to a strip search.

68.    HARRISON's conduct caused HODGES to suffer multiple injuries including but not limited to, loss of his freedom, degradation, humiliation, embarrassment, and a loss of his money.

69.    HODGES would not have suffered these injuries were it not for Defendant, HARRISON's conduct.

70.    HODGES' injuries were a reasonably foreseeable consequence of HARRISON's conduct.

71.    Defendant, HARRISON acted under color of law in that each claimed to be performing an official duty, but his acts were outside the limits of lawful authority and were abusive in manner and acted in a way that misused his power and was able to do so only because he was an official.

72.    The conduct of HARRISON was intentional, outrageous, and demonstrated evil motive and reckless indifference to HODGES' rights, thus entitling HODGES to an award of punitive damages.

73.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

**COUNT IV: 42 U.S.C. § 1983**
**UNLAWFUL SEARCH DEFENDANT JAYME GOHDE**

74.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

75.    Under the Fourth Amendment to the United States Constitution, HODGES has the right to not be subjected to an unreasonable search of his person.

76.    GOHDE consulted with HARRISON about the appropriate course of conduct to take following the unlawful detainment of HODGES.

77.    GOHDE unreasonably searched HODGES.

78.    GOHDE did not have a warrant to search HODGES person

79.    At the time of the search, there was no exigency to excuse the warrantless search.

80.    HODGES did not consent to GOHDE's search of his person.

81.    GOHDE intentionally committed acts that violated HODGES' constitutional right to not be subjected to unreasonable search of HODGES' person.

82.    Following HODGES' unconstitutional arrest and search of his person and vehicle, corrections deputies subjected HODGES to a strip search.

83.    GOHDE's conduct caused HODGES to suffer multiple injuries including but not limited to, loss of his freedom, degradation, humiliation, embarrassment, and a loss of his money.

84.    HODGES would not have suffered these injuries were it not for

14

Defendant, GOHDE's conduct.

85.    HODGES' injuries were a reasonably foreseeable consequence of GOHDE's conduct.

86.    Defendant, GOHDE acted under color of law in that each claimed to be performing an official duty, but her acts were outside the limits of lawful authority and were abusive in manner and acted in a way that misused her power and was able to do so only because she was an official.

87.    The conduct of GOHDE was intentional, outrageous, and demonstrated evil motive and reckless indifference to HODGES' rights, thus entitling HODGES to an award of punitive damages.

88.    WHEREFORE, Plaintiff demands judgment against Defendant GOHDE and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

### COUNT V: 42 U.S.C. § 1983
### FALSE ARREST / DEFENDANT RANDALL HARRISON

89.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

90.    On October 31, 2022, Defendant, HARRISON seized and arrested Plaintiff, HODGES and authorized/ratified Defendant GOHDE's seizure and arrest of Plaintiff, HODGES without any probable cause, reasonable suspicion, or

a warrant to reflect that Plaintiff, HODGES had committed a law violation.

91.     Body camera footage clearly shows at the time of HODGES' arrest, he was in not in the process of committing a crime; was not an immediate threat to himself, the community or to law enforcement; and he was not resisting arrest or fleeing from law enforcement.

92.     Defendant HARRISON intentionally committed acts that violated HODGES' constitutional right to not be arrested without probable cause.

93.     The actions and inactions of Defendant, HARRISON constituted a willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff, HODGES under the law, including the right to be free from unreasonable searched and seizures.

94.     When Defendant, HARRISON arrested HODGES, he did not know of any facts of circumstances that would cause a reasonable officer to believe that HODGES had committed, was committing, or was about to commit an offense.

95.     As a direct and proximate result of Defendant, HARRISON's conduct, Plaintiff suffered an infringement on his constitutional rights; a deprivation of liberty and freedom; suffering and mental anguish and medical expenses for medical treatment and care. These losses are either permanent and/or continuing and Plaintiff will continue to suffer these losses in the future.

96.     Defendant, HARRISON acted under the color of law in that he claimed

to be performing an official duty, but his acts were outside the limits of lawful authority and were abusive in manner and acted in a way that misused his power and was only able to do so because he was an official.

97.     Defendant, HARRISON, was deliberately acted in accordance with a CCSO pattern, practice, policy, or custom of conducting unlawful arrests.

98.     Defendant, HARRISON's conduct, taken pursuant to CCSO's pattern, practice, policy or custom of unlawful arrests has resulted in irreparable harm to HODGES and will continue to result in irreparable harm to all individuals who are arrested under similar circumstances.

99.     WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

## COUNT VI: 42 U.S.C. § 1983
## FALSE ARREST DEFENDANT JAYME GOHDE

100.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

101.    On October 31, 2022, Defendant, GOHDE seized and arrested Plaintiff, HODGES without any probable cause, reasonable suspicion, or a warrant to reflect that Plaintiff, HODGES had committed a law violation.

102.    Body camera footage clearly shows at the time of HODGES' arrest, he

was in not in the process of committing a crime; was not an immediate threat to himself, the community or to law enforcement; and he was not resisting arrest or fleeing from law enforcement.

103.    Defendant GOHDE intentionally committed acts that violated HODGES' constitutional right to not be arrested without probable cause.

104.    The actions and inactions of Defendant, GOHDE constituted a willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff, HODGES under the law, including the right to be free from unreasonable searched and seizures.

105.    When Defendant, GOHDE arrested HODGES, he did not know of any facts of circumstances that would cause a reasonable officer to believe that HODGES had committed, was committing, or was about to commit an offense.

106.    As a direct and proximate result of Defendant, GOHDE's conduct, Plaintiff suffered an infringement on his constitutional rights; a deprivation of liberty and freedom; suffering and mental anguish and medical expenses for medical treatment and care. These losses are either permanent and/or continuing and Plaintiff will continue to suffer these losses in the future.

107.    Defendant, GOHDE acted under the color of law in that she claimed to be performing an official duty, but her acts were outside the limits of lawful authority and were abusive in manner and acted in a way that misused her power

and was only able to do so because she was an official.

108.    Defendant, GOHDE, was deliberately acted in accordance with a CCSO pattern, practice, policy, or custom of conducting unlawful arrests.

109.    Defendant, GOHDE's conduct, taken pursuant to CCSO's pattern, practice, policy or custom of unlawful arrests has resulted in irreparable harm to HODGES and will continue to result in irreparable harm to all individuals who are arrested under similar circumstances.

110.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

## COUNT VII: 42 U.S.C. § 1983
## ABUSE OF PROCESS DEFENDANT RANDALL HARRISON

111.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

112.    On October 31, 2022, Plaintiff HODGES was unlawfully detained by Defendant HARRISON.

113.    Defendant HARRISON intentionally used this legal process not to further law and order, but to teach HODGES a lesson or, in other words, for an attitude adjustment.

114.    Defendant HARRISON's unprofessional conduct was a substantial

19

factor in causing HODGES' unlawful detention in the Columbia County Jail for over 24 hours.

115.    Body camera footage clearly shows HODGES had not and was not committing a crime, nor was he a danger to himself, the officers or the public. There was no probable cause to detain HODGES.  He was detained simply because HARRISON was frustrated with HODGES requested names and badge numbers.

116.    Under the Fourteenth Amendment, no person shall be deprived of life, liberty or property without due process of law. As a direct and proximate result Defendant HARRISON's conduct, Plaintiff suffered a deprivation of his federally protected rights, liberty and freedom.

117.    Defendant HARRISON acted with actual malice towards Mr. HODGES when he inappropriately used legal process against HODGES.  Such conduct amounts to a cruel and conscious disregard for HODGES First, Fourth and Fourteen Amendment rights.   Punitive damages are required to punish Defendant HARRISON in order to deter similar misconduct in the future.

118.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

### COUNT VIII: 42 U.S.C. § 1983
### ABUSE OF PROCESS DEFENDANT GOHDE

119.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

120.    On October 31, 2022, Plaintiff HODGES was unlawfully detained by Defendant GOHDE.

121.    Defendant GOHDE intentionally used this legal process not to further law and order, but to teach HODGES a lesson or, in other words, for an attitude adjustment.

122.    Defendant GOHDE's unprofessional conduct was a substantial factor in causing HODGES' unlawful detention in the Columbia County Jail for over 24 hours.

123.    Body camera footage clearly shows HODGES had not and was not committing a crime, nor was he a danger to himself, the officers or the public. There was no probable cause to detain HODGES.  He was detained simply because GOHDE was frustrated with HODGES for challenging the unlawful detainment and because HODGES requested names and badge numbers.

124.     Under the Fourteenth Amendment, no person shall be deprived of life, liberty or property without due process of law. As a direct and proximate result Defendant GOHDE's conduct, Plaintiff suffered a deprivation of his federally protected rights, liberty and freedom.

125.    Defendant GOHDE acted with actual malice towards HODGES when

he inappropriately used legal process against HODGES.  Such conduct amounts to a cruel and conscious disregard for HODGES First, Fourth and Fourteen Amendment rights.   Punitive damages are required to punish Defendant GOHDE in order to deter similar misconduct in the future.

126.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

<b><u>COUNT IX: 42 U.S.C. §1983</u></b><br><b><u>FAILURE TO INTERVENE DEFENDANT HARRISON</u></b>

127.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

128.    Defendant HARRISON consciously deprived HODGES of his constitutional rights when he knew GOHDE was violating HODGES' constitutional rights by unlawfully arresting and searching him. HARRISON had a reasonable opportunity to prevent the harm to HODGES by stopping GOHDE from the unlawful arrest and search of HODGES and he failed to act.

129.    Despite HODGES not committing a crime and being under complete physical control of GOHDE, HARRISON failed to prevent and stop GOHDE from carrying out the search and arrest of HODGES.

130.    Defendant HARRISON committed the acts described above herein in

a gross disregard of HODGES' constitutional rights while acting under the color of law, and specifically deprived HODGES of his constitutional right to be free from unreasonable search and seizure under the Fourth Amendment.

131.    As a direct and proximate result Defendant HARRISON's outrageous conduct and failure to act, HODGES suffered a deprivation of his liberty and freedom, pain and suffering, mental anguish and medical expenses for medical treatment. These losses are either permanent and/or continuing and Plaintiff will continue to suffer these losses in the future, in violation of his civil rights.

132.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

## COUNT X: 42 U.S.C. § 1983
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DEFENDANT RANDALL HARRISON

133.    Plaintiff hereby realleges and incorporates by reference paragraphs 1-43 in this complaint as though fully set forth herein.

134.    Plaintiff, HODGES is legally blind. The ADA requires public entities to make reasonable modifications to rules, policies and practices to ensure that individuals with disabilities are not discriminated against.

23

135.    Defendant HARRISON was placed on notice of Mr. HODGES' disability. During the encounter, while HODGES was handcuffed, Defendant HARRISON questioned Mr. Hodges about his disability and his use of the navigational aid. Defendant HARRISON asked Mr. HODGES if he was legally blind and then proceeded to ask him why the device was not in-use when he was stopped by Defendant GOHDE.

136.    The ADA prohibits inquiries regarding the nature or severity of a disability. Therefore, the rights afforded HODGES under the ADA were violated by HARRISON.

137.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

## COUNT XI: 42 U.S.C. § 1983
## FAILURE TO SUPERVISE DEFENDANT SHERIFF HUNTER

138.    Plaintiff incorporates paragraphs 1-43 in this complaint as though fully set forth herein.

139.    HUNTER was responsible for properly training officers in the constitutional limitations during reasonable investigations and proper arrests.

140.    The subject incident deprived HODGES of his constitutionally protected rights to be free from arbitrary search and seizures, which attributed to

due process violations. Since HODGES had ensured officers that he had not committed the crime he was suspected of committing, there was insufficient probable cause for the continued detainment, search and ultimate arrest of HODGES.

141. Additionally, Defendants HARRISON and GOHDE manufactured the charge of resisting arrest without violence and completed a sworn arrest report that contained inaccurate and outright false statements supporting the fabricated charge.

142. Defendant HARRISON was the supervisor on duty during the encounter with Plaintiff HODGES. Defendant GOHDE was a law enforcement officer. Both were working under the supervision of HUNTER. Therefore, the misconduct described herein was not limited to just one officer.

143. After the constitutional violations gained nationwide attention, HUNTER issued the following statement:

> "As sheriff, I take full responsibility for this event and want to extend my sincere apologies to Mr. Hodges for the actions of my deputies. I do not feel these deputies' actions were guided by ill intent but rather by frustration and failure to rely on their training."

144. HUNTER, who has already accepted responsibility for the actions of the officers in the subject incident, knew omissions in training and reporting, together with unenforced policy and procedures, would pose a serious risk and

such inaction would result in violations to constitutionally protected rights.

145.  HUNTER's failure to implement training for officers under his direction, to ensure that they are capable of properly performing the duties of a law enforcement officer, including the ability to lawfully effect arrests, demonstrates a deliberate indifference to the constitutional rights afforded the citizens.

146.  At the time of apprehension, HUNTER had written policies in place outlining the requirements of law enforcement personnel, including a code of conduct for officers.  However, it was the policy, practice and custom of HUNTER and his administration to not enforce written policies but to maintain an inadequate system of review of police conduct, one that permits and tolerates unreasonable search and seizures.

147.  The actions of HARRISON and GOHDE are the result of HUNTER's policy and customs that permit ambivalence to required reporting procedures, inadequate supervision, and permits improperly trained officers out on patrol.

148.  As a direct and proximate result of Defendant, HUNTER's, deliberate indifference for properly training the officers of the CCSO, HODGES sustained an infringement on his constitutional rights and a deprivation of liberty and freedom.

149.    WHEREFORE, Plaintiff demands judgment against Defendant HUNTER and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

**COUNT XII**
**STATE LAW CLAIM:  BATTERY**
**DEFENDANT RANDALL HARRISON**

150.    Plaintiff, HODGES hereby realleges and incorporates by reference paragraphs 1 - 43 in this complaint as though fully set forth herein.

151.    Defendant, HARRISON acted against HODGES when he used unreasonable force against Plaintiff when, with a depraved indifference to human life and conscious disregard for the safety and general public, when HARRISON intentionally battered HODGES by placing handcuffs on him against his will, without proper legal justification.

152.    As a direct and proximate result of battery by Defendant, HARRISON, Plaintiff suffered a deprivation of liberty and freedom; pain suffering, and mental anguish; and medical expenses for medical treatment and care. These losses are either permanent and/or continuing and Plaintiff will continue to suffer these losses in the future.

153.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory

damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

### COUNT XIII
### STATE LAW CLAIM:  BATTERY
### AGAINST DEFENDANT JAYME GOHDE

154.    Plaintiff, HODGES hereby realleges and incorporates by reference paragraphs 1 - 43 in this complaint as though fully set forth herein.

155.    Defendant, GOHDE acted against HODGES when he used unreasonable force against Plaintiff when, with a depraved indifference to human life and conscious disregard for the safety and general public, when GOHDE intentionally battered HODGES by placing handcuffs on him against his will, without proper legal justification.

156.    As a direct and proximate result of battery by Defendant, GOHDE, Plaintiff suffered a deprivation of liberty and freedom; pain suffering, and mental anguish; and medical expenses for medical treatment and care. These losses are either permanent and/or continuing and Plaintiff will continue to suffer these losses in the future.

157.    WHEREFORE, Plaintiff demands judgment against Defendant GOHDE and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC

§1983; and such other relief as this Honorable Court may deem just and proper.

**COUNT XIV**
**STATE LAW CLAIM- FALSE IMPRISONMENT**
**AGAINST DEFENDANT RANDALL HARRISON**

141.    Plaintiff, HODGES hereby realleges and incorporates by reference paragraphs 1 - 43 in this complaint as though fully set forth herein.

142.    On October 31, 2022, HODGES was unlawfully arrested by Defendant HARRISON.

143.    At the time of the arrest, HODGES had not committed a crime, was not committing a crime and was not about to commit a crime. HODGES was not an immediate threat to himself, the community or to law enforcement.

144.    Defendant, HARRISON held HODGES, handcuffed, in a patrol vehicle before transporting him to the Columbia County Jail.

145.    Defendant, HARRISON unlawfully restrained HODGES, against his will, under circumstances where such detention was clearly unfounded and unwarranted.

146. As a result of the false arrest, HODGES suffered loss of liberty, injury to reputation, humiliation, and severe emotional and psychological distress.

147.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory

damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to

42 USC §1983; and such other relief as this Honorable Court may deem just and

proper.

## COUNT XV
## STATE LAW CLAIM- FALSE IMPRISONMENT
## AGAINST DEFENDANT JAYME GOHDE

148.    Plaintiff, HODGES hereby realleges and incorporates by reference

paragraphs 1 - 43 in this complaint as though fully set forth herein.

149.    On October 31, 2022, HODGES was unlawfully arrested by

Defendant GOHDE.

150.    At the time of the arrest, HODGES had not committed a crime, was

not committing a crime and was not about to commit a crime. HODGES was

not an immediate threat to himself, the community or to law enforcement.

151.    Defendant, GOHDE held HODGES handcuffed in a patrol vehicle

before transporting him to the Columbia County Jail.

152.    Defendant, GOHDE unlawfully restrained HODGES, against his

will, under circumstances where such detention was clearly unfounded and

unwarranted.

153. As a result of the false arrest, HODGES suffered loss of liberty,

injury to reputation, humiliation and severe emotional and psychological

distress.

154.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

**COUNT XVI**
**STATE LAW CLAIM- NEGLIGENCE DEFENDANT HUNTER**

155.    Plaintiff, HODGES hereby realleges and incorporates by reference paragraphs 1 - 43 in this complaint as though fully set forth herein.

156.    Pursuant to §768.28, Florida Statutes, Defendant HUNTER is liable for the injuries caused by the negligent or wrongful acts or omissions of any employee of CCSO while acting within the course and scope of their employment or by virtue of the authority of the Sheriff.

157.    Defendants, GOHDE and HARRISON were at all times relevant an employee of the CCSO and were acting within the course and scope of their employment and/or by virtue of office during the time of the incident. Therefore, Defendant HUNTER is liable for the injuries suffered by HODGES which were caused by the negligent acts of Defendants GOHDE and HARRISON.

158.    Defendants, GOHDE and HARRISON, while acting as an agent and employee of CCSO, in their capacity as a deputy officer and/or by virtue of

office, owed a duty to HODGES to perform her duties without violating HODGES; constitutional rights or violating state common law.

159.    Defendant HUNTER breached this duty when he negligently failed to take the steps necessary to protect HODGES. As a result, HODGES was unlawfully searched and arrested.

160.    As a direct and proximate result of HUNTER's negligence, HODGES sustained physical and emotional pain and suffering and was otherwise damaged and injured.

161.    The actions of Defendants GOHDE and HARRISON were done in the course and scope of their employment and/or by virtue of office of CCSO and without willfully, wanton and malicious intent.

162.    WHEREFORE, Plaintiff demands judgment against Defendant HARRISON and prays for the following relief: actual and compensatory damages; punitive damages; Costs of suit; reasonable attorney fees pursuant to 42 USC §1983; and such other relief as this Honorable Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JAMES HODGES, respectfully requests a trial by jury on all issues so triable.

Dated this 20th day of November, 2023.

Respectfully submitted,

**Law Office of Phillips, Hunt, Walker & Hanna**

*/s/ John M. Phillips*
**JOHN M. PHILLIPS, ESQUIRE**
Florida Bar Number: 0477575
**AMY HANNA, ESQUIRE**
Florida Bar Number: 120471
212 North Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904)508-0683 (facsimile)
*Attorneys for Plaintiff*
jmp@floridajustice.com
amy@floridajustice.com
catherine@floridajustice.com