UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JAMES HODGES,**

    Plaintiff,

v.                                      Case No.: 3:23-cv-01375-HLA-MCR

**MARK A. HUNTER, in his official capacity as Sheriff of COLUMBIA COUNTY SHERIFF'S OFFICE, RANDALL HARRISON, and JAYME GOHDE,**

    Defendants.
_____/

## DEFENDANT RANDALL HARRISON'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, **RANDALL HARRISON** ("Harrison"), through undersigned counsel, responds to the Complaint (Doc. 1) in corresponding paragraphs as follows:

## INTRODUCTION

Harrison admits that this action purports to be brought under 42 U.S.C. § 1983 and state law but denies that the claims have any merit whatsoever or that Plaintiff is entitled to any relief. To the extent any other response is required, Sergeant Harrison is without knowledge as to and therefore denies the allegations.

## JURISDICTION AND PARTIES

1.     Harrison admits the allegations in this paragraph for jurisdictional purposes only.

2. Harrison admits the allegations in this paragraph for venue purposes only.

3. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 3 of the Complaint.

4. Harrison admits that the events which gave rise to the Complaint occurred in Columbia County, Florida, but is without knowledge as to, and therefore denies, the remaining allegations in paragraph 4 of the Complaint.

5. Harrison admits that Sheriff Hunter was the duly elected Sheriff of Columbia County, Florida, but is without knowledge as to, and therefore denies, the remaining allegations of the Complaint.

6. Harrison admits the allegations in paragraph 6 of the Complaint.

7. Harrison admits that Gohde was a Deputy Sheriff in Columbia County on the date of this incident, but is without knowledge as to, and therefore denies, the remaining allegations in paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 8 of the Complaint.

9. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 9 of the Complaint.

10. Harrison admits that on or around October 31, 2022, Gohde, while on patrol with the Columbia County Sheriff's Office, encountered Plaintiff, but is without

knowledge as to, and therefore denies, the remaining allegations in paragraph 10 of the Complaint.

11. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 11 of the Complaint.

12. Harrison is without knowledge as to, and therefore denies, the allegation in paragraph 12 of the Complaint.

13. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 13 of the Complaint.

14. Harrison is without knowledge as to, and therefore denies, the allegation in paragraph 14 of the Complaint.

15. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 15 of the Complaint.

16. Harrison is without knowledge as to, and therefore denies or denies outright, the allegations in paragraph 16 of the Complaint.

17. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 17 of the Complaint.

18. Harrison is without knowledge as to, and therefore denies, or denies outright, the allegations in paragraph 18 of the Complaint.

19. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 19 of the Complaint.

20. Harrison admits the allegation in paragraph 20 of the Complaint.

21. Harrison admits that Plaintiff showed him the navigational aide, but is without knowledge as to, and therefore denies, the remaining allegations in paragraph 21 of the Complaint.

22. Harrison denies the allegation in paragraph 22 of the Complaint, as phrased.

23. Harrison denies the allegations in paragraph 23 of the Complaint.

24. Harrison admits Plaintiff did not give consent but denies the remaining allegations in paragraph 24 of the Complaint.

25. Harrison admits Gohde asked Plaintiff something to the effect as quoted by Plaintiff, but denies the remaining allegations in paragraph 25 of the Complaint.

26. Harrison admits Plaintiff stated he wanted Defendant's and Gohde's names and badge numbers, and admits he instructed Gohde to arrest Plaintiff, but denies the remaining allegations in paragraph 26 of the Complaint.

27. Harrison admits Gohde placed Plaintiff in her patrol vehicle, but is without knowledge as to, and therefore denies, the remaining allegations in paragraph 27 of the Complaint.

28. Harrison is without knowledge as to, and therefore denies or denies outright, the allegation in paragraph 28 of the Complaint.

29. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 29 of the Complaint.

30. Harrison denies the allegations in paragraph 30 of the Complaint.

31. Harrison asserts that the arrest report speaks for itself in response to the allegations in paragraph 31 of the Complaint.

32. Harrison asserts that the body camera footage speaks for itself in response to the allegations in paragraph 32 of the Complaint.

33. Harrison asserts that the arrest report and body camera footage speak for themselves in response to the allegations in paragraph 33 of the Complaint.

34. Harrison denies the allegations in paragraph 34 of the Complaint.

35. Harrison denies the allegations in paragraph 35 of the Complaint.

36. Harrison admits he asked Plaintiff about his vision, but denies the remaining allegations in paragraph 36 of the Complaint.

37. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 37 of the Complaint.

38. Harrison admits he asked Plaintiff about his vision, but denies the remaining allegations in paragraph 38 of the Complaint.

39. Harrison admits an internal affairs investigation was conducted but is without knowledge as to, and therefore denies the remaining allegations in paragraph 39 of the Complaint.

40. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 40 of the Complaint.

41. Harrison admits the allegations in paragraph 41 of the Complaint.

42. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 42 of the Complaint.

43. Harrison denies he was ordered to attend in-class training specifically tailored to the handling of civil rights matters and is without knowledge as to what Gohde was ordered and therefore denies the remaining allegations in paragraph 43 of the Complaint.

## COUNT I: 42 U.S.C. § 1983
## FIRST AMENDMENT RETALIATION DEFENDANT HARRISON

44. Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

45. Harrison admits that Plaintiff stated he wanted the officers' names and badge numbers, but is without knowledge as to, and therefore denies, or denies outright, the remaining allegations in paragraph 45 of the Complaint.

46. Harrison denies the allegation in paragraph 46 of the Complaint.

47. Harrison denies the allegation in paragraph 47 of the Complaint.

48. Harrison denies the allegation in paragraph 48 of the Complaint.

49. Harrison denies the allegation in paragraph 49 of the Complaint.

50. Harrison denies the allegation in paragraph 50 of the Complaint.

51. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## COUNT II: 42 U.S.C. § 1983
## FIRST AMENDMENT RETALIATION DEFENDANT GOHDE

52.–59. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations

in paragraph 52 of the Complaint, and Harrison denies the allegations in paragraphs 53 through 59 of the Complaint.

### COUNT III: 42 U.S.C. § 1983
### UNLAWFUL SEARCH DEFENDANT HARRISON

60. Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

61. Harrison admits the allegation in paragraph 61 of the Complaint.

62. Harrison denies the allegations in paragraph 62 of the Complaint.

63. Harrison admits the allegations in paragraph 63 of the Complaint.

64. Harrison denies the allegations in paragraph 64 of the Complaint.

65. Harrison admits Plaintiff did not give consent, but denies the remaining allegations in paragraph 65 of the Complaint.

66. Harrison denies the allegations in paragraph 66 of the Complaint.

67. Harrison is either without knowledge as to, and therefore denies, or denies outright, the allegations in paragraph 67 of the Complaint.

68. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 68 of the Complaint.

69. Harrison is without knowledge as to, and therefore denies, the allegations in paragraph 69 of the Complaint.

70. Harrison denies the allegation in paragraph 70 of the Complaint.

71. Harrison admits that during the incident with Plaintiff, he was acting in his capacity as a law enforcement officer, but denies the remaining allegations in paragraph 71 of the Complaint.

72. Harrison denies the allegations in paragraph 72 of the Complaint.

73. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## COUNT IV: 42 U.S.C. § 1983
## UNLAWFUL SEARCH DEFENDANT JAYME GOHDE

74.–88. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations in paragraph 74 of the Complaint, and Harrison denies the allegations in paragraphs 75 through 88 of the Complaint.

## COUNT V: 42 U.S.C. § 1983
## FALSE ARREST / DEFENDANT RANDALL HARRISON

89. Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

90. Harrison denies the allegation in paragraph 90 of the Complaint.

91. Harrison asserts that the body camera footage speaks for itself in response to the allegations in paragraph 91 of the Complaint.

92. Harrison denies the allegation in paragraph 92 of the Complaint.

93. Harrison denies the allegation in paragraph 93 of the Complaint.

94. Harrison denies the allegation in paragraph 94 of the Complaint.

8

95. Harrison denies the allegations in paragraph 95 of the Complaint.

96. Harrison admits that during the incident which gave rise to the Complaint he was acting in his capacity as a law enforcement officer, but denies the remaining allegations in paragraph 96 of the Complaint.

97. Harrison denies the allegation in paragraph 97 of the Complaint.

98. Harrison denies the allegation in paragraph 98 of the Complaint.

99. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## COUNT VI: 42 U.S.C. § 1983
## FALSE ARREST DEFENDANT JAYME GOHDE

100.–110. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations in paragraph 100 of the Complaint, and Harrison denies the allegations in paragraphs 101 through 110 of the Complaint.

## COUNT VII: 42 U.S.C. § 1983
## ABUSE OF PROCESS DEFENDANT RANDALL HARRISON

111. Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

112. Harrison denies the allegation in paragraph 112 of the Complaint.

113. Harrison denies the allegations in paragraph 113 of the Complaint.

114. Harrison denies the allegation in paragraph 114 of the Complaint.

115. Harrison asserts that the body camera footage speaks for itself in response to the first sentence of paragraph 115 of the Complaint. Harrison is without knowledge as to, and therefore denies, the allegation that there was no probable cause to detain Plaintiff. Harrison denies that Plaintiff was detained simply because Harrison was frustrated with Plaintiff.

116. Harrison admits that the Fourteenth Amendment protects due process and denies that Plaintiff was deprived of his federally protected rights, liberty, or freedom.

117. Harrison denies the allegations in paragraph 117 of the Complaint.

118. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## COUNT VIII: 42 U.S.C. § 1983
## ABUSE OF PROCESS DEFENDANT GOHDE

119.–126. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations in paragraph 119 of the Complaint, and Harrison denies the allegations in paragraphs 120 through 126 of the Complaint.

## COUNT IX: 42 U.S.C. § 1983
## FAILURE TO INTERVENE DEFENDANT HARRISON

127. Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

128. Harrison denies the allegations in paragraph 128 of the Complaint.

129. Harrison denies the allegation in paragraph 129 of the Complaint, as phrased.

130. Harrison denies the allegation in paragraph 130 of the Complaint.

131. Harrison denies the allegations in paragraph 131 of the Complaint.

132. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## COUNT X: 42 U.S.C. § 1983
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DEFENDANT RANDALL HARRISON

133. Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

134. Harrison is without knowledge as to whether Plaintiff is legally blind and therefore denies the allegation. The remaining allegations in paragraph 134 are denied, as phrased.

135. Harrison admits that Plaintiff stated he was legally blind but denies that this placed him on notice of Plaintiff's disability. Harrison admits he asked Plaintiff about his vision, but denies the remaining allegations in paragraph 135 of the Complaint.

136. Harrison denies the allegations in paragraph 136 of the Complaint.

137. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## COUNT XI: 42 U.S.C. § 1983
## FAILURE TO SUPERVISE DEFENDANT SHERIFF HUNTER

11

138.–149. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations in paragraph 138 of the Complaint, and Harrison denies the allegations in paragraphs 139 through 149 of the Complaint.

## COUNT XII
## STATE LAW CLAIM: BATTERY
## DEFENDANT RANDALL HARRISON

150. Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

151. Harrison denies the allegation in paragraph 151 of the Complaint.

152. Harrison denies the allegations in paragraph 152 of the Complaint.

153. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## COUNT XIII
## STATE LAW CLAIM: BATTERY
## AGAINST DEFENDANT JAYME GOHDE

154.–157. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations in paragraph 154 of the Complaint, and Harrison denies the allegations in paragraphs 155 through 157 of the Complaint.

## COUNT XIV
## STATE LAW CLAIM- FALSE IMPRISONMENT

### AGAINST DEFENDANT RANDALL HARRISON

141.[1] Harrison restates and reincorporates his responses to paragraphs 1-43 in response.

142. Harrison denies the allegation in paragraph 142 of the Complaint.

143. Harrison is without knowledge and therefore denies the allegations in paragraph 143 of the Complaint.

144. Harrison denies the allegation in paragraph 144 of the Complaint.

145. Harrison denies the allegation in paragraph 145 of the Complaint.

146. Harrison denies the allegation in paragraph 146 of the Complaint.

147. Harrison denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

### COUNT XV
### STATE LAW CLAIM- FALSE IMPRISONMENT
### AGAINST DEFENDANT JAYME GOHDE

148.–154. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations in paragraph 148 of the Complaint, and Harrison denies the allegations in paragraphs 149 through 154 of the Complaint.

### COUNT XVI
### STATE LAW CLAIM- NEGLIGENCE DEFENDANT HUNTER

---

[1] The Complaint erroneously renumbers paragraphs 158-179 as paragraphs 141-162.

13

155.–162. The allegations set forth in this Count are not directed at Harrison, and he asserts no response. To the extent a response is required, Harrison restates and reincorporates his responses to paragraphs 1 through 43 in response to the allegations in paragraph 155 of the Complaint, and Harrison denies the allegations in paragraphs 156 through 162 of the Complaint.

## GENERAL DENIAL

Harrison denies all allegations of the Complaint that have not been specifically admitted herein.

## DEMAND FOR JURY TRIAL

Sergeant Harrison demands a jury trial on all issues raised in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. At all times pertinent hereto, Harrison was acting within the scope of his employment as a deputy, employed by the Sheriff of Columbia County, Florida, and was not violating clearly established law of which a reasonable deputy would be aware. Harrison's actions were taken pursuant to his discretionary authority, and his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, Harrison acted in good faith, reasonably and without malice, in the course and scope of his duties towards Plaintiff and all those involved. Thus, he is entitled to qualified immunity for all claims made against him individually.

2. Harrison is entitled to immunity from suit from the claims brought under Florida law in that his actions were not performed in a manner reflecting wantonness, willfulness, bad faith, or deliberate disregard for the safety of persons or property.

3. No state or federally protected rights of Plaintiff were infringed upon or violated.

4. Some or all of the actions attributable to Harrison at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

5. All actions of Harrison were reasonable and privileged and undertaken for the purpose of accomplishing lawful objectives.

6. Plaintiff's claim for battery fails to state a claim as any battery committed incident to arrest does not give rise to an independent tort.

7. Any threat of or use of restraint or force by Harrison was lawful and privileged in that he was acting in her capacity as a law enforcement officer, and any actions were reasonable and necessary and applied while effectuating a lawful detention and/or arrest and while acting in furtherance of a lawful purpose and justified pursuant to Chapter 776, *Florida Statutes*.

8. Harrison's use of force, if any, was not excessive under the circumstances.

9. Harrison is entitled to qualified immunity as there is no clearly established authority which imposes a duty on an officer to intervene on another officer's unconstitutional detention, search, or arrest.

10. Harrison did not have a duty to intervene in Gohde's use of force because such force was not excessive under the circumstances.

11. Plaintiff's claim for abuse of process fails to state a claim as such a claim is not cognizable under 42 U.S.C. § 1983.

12. Any process used was done so to accomplish the result for which it was created, and Harrison had no ulterior motive or purpose in exercising such process.

13. Harrison is entitled to qualified immunity because, under the totality of the circumstances, the arrest in question was based on probable cause or, at least, arguable probable cause.

14. Harrison did not act with retaliatory motive in any interaction he had with Plaintiff.

15. Even if Harrison acted with retaliatory motive, the detention, arrest, and search of Plaintiff would have occurred absent the retaliatory motive.

16. Any retaliatory motive on the part of Harrison did not cause Plaintiff's injuries, if any.

17. Probable cause or arguable probable cause existed for the offense of resisting an officer without violence.

18. An imperfect criminal investigation is not a sufficient basis for recovery in an action for false arrest.

19. Plaintiff's detention was reasonable under the circumstances.

20. There was reasonable suspicion to justify an investigatory stop of Plaintiff.

21. Harrison did not conduct a search of Plaintiff as defined under the Fourth Amendment.

22. A search for identification papers is an appropriate aspect of a *Terry* stop under *Terry v. Ohio*, 392 U.S. 1 (1968).

23. Harrison may not be held liable in his individual capacity for a violation of Title II of the Americans with Disabilities Act.

24. Plaintiff was not excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or, subjected to discrimination by any such entity.

25. Harrison is not a "covered entity" under Title I of the Americans with Disabilities Act.

26. To the extent the claims are "official capacity" claims, no causal connection exists between the actions of the supervisory official or governmental body and the alleged deprivation of Plaintiff's civil or constitutional rights. No history of widespread abuse or any custom or policy, formal or informal, exists sufficient to put the governmental body or supervisory official on notice of the potential for civil or constitutional violations.

27. Harrison, in his official capacity, has not promoted any policies nor engaged in any practices or patterns of behavior which would have made the alleged incident more likely to occur, or which condoned or approved of any alleged improper action taken on the part of any party hereto.

28. Harrison cannot be liable for the alleged injuries to Plaintiff or other damages because Plaintiff cannot establish that Harrison caused the alleged injuries or other damages.

29. Any injurious results about which Plaintiff complains were the result of Plaintiff's own actions or omissions and any award of damages should be reduced by the *pro rata* share of fault attributable to him.

30. Plaintiff may have been the beneficial recipient of recovery from collateral sources. Accordingly, Harrison is entitled to setoff from any damages awarded for those payments from collateral sources.

31. All or part of the damages awardable to Plaintiff under any claims brought pursuant to Florida law are governed by the terms, conditions, provisions, and limitations found in section 768.28, *Florida Statutes*.

32. Plaintiff has failed to use reasonable and proper efforts to mitigate damages.

33. Under the facts and circumstances of this case, Plaintiff is not entitled to an award of punitive damages against Harrison in his individual capacity.

WHEREFORE, Defendant, RANDALL HARRISON, having fully answered Plaintiff's Complaint and having denied all liability thereunder, respectfully prays judgment be entered in his favor and be awarded his attorney's fees, costs and expenses, as allowable pursuant to applicable law, specifically including under 42

U.S.C. §1988, 28 U.S.C. §1927, Rule 11, *Fed. R. Civ. P.*, and any other legal basis for the awarding of such relief.

Dated this 16th day of January, 2024.

Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**
Florida Bar No. 937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of January, 2024, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system.

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**